UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH GRIMES,

    Plaintiff,

v.

KATHY CHISUM,

    Defendant.

Case No. 16-01488 HRL (PR)

**ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at the Salinas Valley State Prison ("SVSP"). Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order.

## DISCUSSION

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

Plaintiff alleges that he has "DPW" status, which means that he is permanently confined to a wheelchair. (Compl. Attach. at 3.) Plaintiff claims that while he was incarcerated at SVSP, Defendant Kathy Chisum was deliberately indifferent to his serious medical needs when she repeatedly denied his requests for medically prescribed leather gloves for the use of his wheelchair. (Id.) For lack of these leather gloves, he developed painful calluses which has resulted in "irr[e]parable injury because the painful calluses are non-amenable to his health and well-being, with severe sharp pain shooting up and down his shoulders, which restricts his mobility to wheel himself around. And as a result, Plaintiff is permanently disabled." (Id. at 8.) Liberally construed, Plaintiff states a cognizable claim for a violation of his rights under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).

Plaintiff also claims Defendant's actions violated the Americans with Disabilities Act, 42 U.S.C.§ 12101 et seq. ("ADA"), and seeks redress for "inhumane health care." (Compl. Attach. at 2.) He claims that he has been denied "ADA accommodations and appliances" and deprived of "federally-funded ADA accommodations contrary to physicians orders." (Id. at 7.) Specifically, Plaintiff claims that the denial of leather gloves has caused him to suffer excruciating pain on the inside of both arms, blisters, sores and calluses, which has effectively caused his daily activities to be confined to his cell and depriving him from access to various functions and programs offered by the prison,

2

including access to the law library, mental health group meetings, church, and medical appointments. (Id. at 11.) Liberally construed, Plaintiff states a cognizable claim under the ADA. See 28 C.F.R. § 35.130(b)(7).

### C. Doe Defendants

Plaintiff also names "Defendant Does 1 thru 5" as various staff members at SVSP "who had a hand in subjecting Plaintiff to deliberate indifference and cruel and unusual punishment." (Compl. Attach. at 3.) Plaintiff states that he will obtain the names and positions of these Doe defendants through discovery. (Id.)

Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corr., 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Accordingly, Doe Defendants "1 thru 5" DISMISSED from this action. If, through discovery, Plaintiff is able to identify the unknown defendants, he may then motion the Court for leave to amend to name the intended defendants and to issue summons upon them. See Gillespie, 629 F.2d at 642; Barsten v. Dep't of the Interior, 896 F.2d 422, 423–24 (9th Cir. 1990). However, the Court notes that Plaintiff has failed to identify Doe Defendants "1 thru 5" with any sort of particularity, or describe how they each acted to violate his Eighth Amendment rights. Should Plaintiff seek leave to amend to name the intended defendants, he must also, in a short and plain statement, give the newly named defendants fair notice of the claim and the grounds upon which it rests. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002).

///

3

# CONCLUSION

For the reasons state above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendant Kathy Chisum** at **Salinas Valley State Prison (P.O. Box 1020, Soledad, CA 93960-1020)**. The Clerk shall also mail a copy of this Order to Plaintiff.

Defendant "Does 1 thru 5" are DISMISSED from this action.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3. No later than **ninety-one (91) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

  4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

  Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

  5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

  6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true

copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: 7/6/16

HOWARD R. LLOYD
United States Magistrate Judge

Order of Service
PRO-SE\HRL\CR.16\01488Grimes_svc

6