UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GRIMES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KATHY CHISUM,<br><br>　　　　Defendant. | Case No. 16-cv-01488-WHO (PR)<br><br>**ORDER VACATING BRIEFING SCHEDULE;**<br><br>**ORDER REQUIRING PARTIES TO SUBMIT STATUS REPORT** |

　　　　This order addresses the questions raised by the death of the sole defendant, Kathy Chisum.

　　　　Here is the procedural history of this action. In this federal civil rights action filed under 42 U.S.C. § 1983, plaintiff Joseph Grimes, a state prisoner proceeding pro se, stated a cognizable claim against Chisum, an employee of Salinas Valley State Prison. Chisum, acting through her attorney, waived service of the complaint in August 2016. (Dkt. No. 12.) Then, in September, Chisum's attorney filed a "Suggestion of Death," which stated that Chisum had died on or about August 28 or 29. (Dkt. No. 16.)

　　　　Chisum's death affects this litigation in four crucial ways. First, Grimes will have to take specific actions if he wishes to pursue his claims against the decedent's estate. The law of the forum state determines whether a section 1983 action survives or is extinguished upon the death of a party. *See* 42 U.S.C. § 1988(a); *Robertson v. Wegmann*, 436 U.S. 584,

592-95 (1978).  Under California law, "[e]xcept as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period."  Cal. Civ. Proc. Code § 377.20.  "Subject to Part 4 (commencing with Section 9000) of Division 7 of the Probate Code governing creditor claims, a cause of action against a decedent that survives may be asserted against the decedent's personal representative or, to the extent provided by statute, against the decedent's successor in interest."  Cal. Civ. Proc. Code § 377.40.

The introductory clause in section 377.40 is **critical**:  a plaintiff must comply with the claims-presentation requirements of California Probate Code § 9000 et seq., or he will be unable to pursue his cause of action against the decedent's personal representative.  *See* Cal. Prob. Code § 9370(a) ("An action or proceeding pending against the decedent at the time of death may not be continued against the decedent's personal representative unless all of the following conditions are satisfied:  (1) A claim is first filed as provided in this part; (2) The claim is rejected in whole or in part; (3) Within three months after the notice of rejection is given, the plaintiff applies to the court in which the action or proceeding is pending for an order to substitute the personal representative in the action or proceeding. This paragraph applies only if the notice of rejection contains a statement that the plaintiff has three months within which to apply for an order for substitution."); *id.* at § 9370(b) ("No recovery shall be allowed in the action against property in the decedent's estate unless proof is made of compliance with this section.").

In sum, Grimes's claims can survive the death of the defendant (other than a claim for punitive damages, *see* Cal. Code Civ. Proc. § 377.42), but he must comply with the claims presentation requirements of the California Probate Code if he wants to pursue this action against Chisum's personal representative.  **This Court cannot relieve him of those obligations or assist him in satisfying them.**

Second, a proper defendant will need to be substituted in place of Chisum.  After Grimes complies with the state probate code requirements, he will need to file a motion to substitute a proper defendant in place of Chisum.  "If a party dies and the claim is not

thereby extinguished, the court may order substitution of the proper parties . . . Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record . . . the action shall be dismissed as to the deceased party." Fed. R. Civ. P. 25(a). A "proper party" under Rule 25(a)(1) is the legal representative of the decedent, such as the executor of the decedent's will or the administrator of her estate. *See Mallonee v. Fahey*, 200 F.2d 918, 919-20 (9th Cir. 1953). Grimes will have to find the name of Chisum's legal representative and then file a motion for substitution under Rule 25. **Again, Grimes is responsible for accomplishing this. The Court cannot do so on his behalf.**

Third, the requirements to start the 90-day period under Rule 25(a)(1) in which to file a motion for substitution have not been met. Rule 25(a)(1) requires that (1) "a party must formally suggest the death of the party upon the record," *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994); and (2) the "non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons," *id.* The first has been met by the filing of the Suggestion of Death. (Dkt. No. 16.) The second has not. There is no indication that the non-party successor or representative has been served in any manner, let alone a manner provided by Federal Rule 4 for the service of summons.

Fourth, it is unclear whether Chisum's attorney in this action continues to have authority to do anything on behalf of her deceased client. *See Sullivan v. Dunne*, 198 Cal. 183, 192 (Cal. 1926) (it is "well recognized by the authorities that the law of principal and agent is generally applicable to the relation of attorney and client . . . and that the insanity or incapacity of the client will, therefore operate as a termination of the authority of the attorney"). This issue should be resolved before the attorney files a dispositive motion.

**In light of these concerns, the Court orders the following**:

1. The briefing schedule is now VACATED.

2. No later than January 17, 2017, defense counsel and Grimes shall each file a status report of no more than 5 pages addressing these matters: (a) discuss whether

1  defense counsel has any continuing authority to act on behalf of the defendant or the
2  defendant's interests in this action; (b) provide the name and contact information for the
3  successor or representative of Chisum, if known; (c) provide the name of the county and
4  state in which Chisum died; and (d) discuss whether this action should be stayed to wait
5  for Grimes to comply with the claims-presentation requirements of the California Probate
6  Code.
7  **IT IS SO ORDERED.**
8  **Dated:** November 18, 2016



WILLIAM H. ORRICK
United States District Judge