UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GRIMES,<br>        Plaintiff,<br>     v.<br>KATHY CHISUM,<br>        Defendant. | Case No. 16-cv-01488-WHO (PR)<br><br>**ORDER STAYING ACTION**<br><br>Dkt. No. 22 |

## INTRODUCTION

This order addresses the questions raised by the death of the sole defendant, Kathy Chisum. For the reasons explained below, the Court will stay the proceedings and administratively close the case so that plaintiff Joseph Grimes can comply with the federal requirements for substituting a party and with the obligations imposed by the California Probate Code.

## BACKGROUND

In this federal civil rights action filed under 42 U.S.C. § 1983, Grimes stated a cognizable claim against Chisum, an employee of Salinas Valley State Prison. Chisum, acting through her attorney, Trace O. Maiorino, waived service of the complaint in August 2016. (Dkt. No. 12.) Then, in September, Maiorino filed a "Suggestion of Death," which stated that Chisum had died on or about August 28 or 29. (Dkt. No. 16.)

Because Chisum's death significantly affects this litigation, the Court ordered Maiorino and Grimes to each file a status report that (a) addresses whether Maiorino has any continuing authority to act on behalf of the deceased Chisum; (b) provides the name and contact information for the successor or representative of Chisum, if known; (c) provides the name of the county and state in which Chisum died; and (d) discusses whether this action should be stayed to wait for Grimes to comply with the claims-presentation requirements of the California Probate Code.

Only Maiorino filed a status report. (Dkt. No. 24.) Grimes filed a motion for an extension of time. (Dkt. No. 22.) This motion is rendered moot for the reasons stated below.

**DISCUSSION**

Grimes faces two obstacles to pursuing his claims. The first is filing a motion for substitution of parties under Federal Rule of Civil Procedure 25. The second is complying with state probate requirements.

**I.    Motion for Substitution under Rule 25**

Chisum is no longer a proper party to this action. A proper party, such as the representative of Chisum's estate, must be substituted in Chisum's place. Rule 25 ("Substitution of Parties") governs here.

Rule 25 requires that a motion for substitution must be made within 90 days after service of the statement noting a death. "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).

This 90-day period begins when two requirements are met. First, "a party must formally suggest the death of the party upon the record." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Second, the suggestion of death must be served on the parties under Rule 5(b), and on the non-party representatives under Rule 4. *Id.* at 233.

Neither of these requirements has been met in this case. First, a party has not formally suggested the death of the party on the record. Maiorino's "Suggestion of Death," (Dkt. No. 16), does not qualify. He is not a party to this action and he lacked authority to represent Chisum after her death. *See Woodson v. City of Richmond*, 2014 WL 7462509 at *1 (E.D. Va. 2014) (deceased party's lawyer lacks authority to file a statement of death because under Rule 25(a) the lawyer is neither a party nor a representative or successor of the deceased party); *id.* at *2 ("any notice of death filed by decedent's lawyer is of no effect under Rule 25(a)(1) and does not trigger the 90-day time period").

Second, even if Maiorino had the authority to file a suggestion of death, that statement was not served on the non-party successors in any manner, let alone in the manner required by Rule 25.

Because these requirements have not been met, the 90-day period within which to file a Rule 25 substitution motion has not started. Grimes cannot file a motion for substitution until that 90-day period starts, a period that cannot start until the two requirements just discussed have been met. He must then file a suggestion of death and serve it on Chisum's successors in a way that complies with Rule 4.[1] **Grimes is responsible for accomplishing this. The Court cannot do so on his behalf.**

In addition to these obligations, Grimes will have to take specific actions to comply with the state probate code if he wishes to pursue his claims against the decedent's estate.

---

[1] Rule 4(e) requires that service be effected:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons . . . to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons . . . to an agent authorized by appointment or by law to receive service of process.

Rule 4's obligations can be satisfied also by obtaining a waiver of service under Rule 4(d).

1  These are discussed in the next section.

## II. State Probate Requirements

The law of the forum state determines whether a section 1983 action survives or is extinguished upon the death of a party. *See* 42 U.S.C. § 1988(a); *Robertson v. Wegmann*, 436 U.S. 584, 592-95 (1978). Under California law, "[e]xcept as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Civ. Proc. Code § 377.20. "Subject to Part 4 (commencing with Section 9000) of Division 7 of the Probate Code governing creditor claims, a cause of action against a decedent that survives may be asserted against the decedent's personal representative or, to the extent provided by statute, against the decedent's successor in interest." Cal. Civ. Proc. Code § 377.40.

The introductory clause in section 377.40 is **critical**: a plaintiff must comply with the claims-presentation requirements of California Probate Code § 9000 et seq., or he will be unable to pursue his cause of action against the decedent's personal representative. *See* Cal. Prob. Code § 9370(a) ("An action or proceeding pending against the decedent at the time of death may not be continued against the decedent's personal representative unless all of the following conditions are satisfied: (1) A claim is first filed as provided in this part; (2) The claim is rejected in whole or in part; (3) Within three months after the notice of rejection is given, the plaintiff applies to the court in which the action or proceeding is pending for an order to substitute the personal representative in the action or proceeding. This paragraph applies only if the notice of rejection contains a statement that the plaintiff has three months within which to apply for an order for substitution."); *id.* at § 9370(b) ("No recovery shall be allowed in the action against property in the decedent's estate unless proof is made of compliance with this section.").

In sum, Grimes's claims can survive the death of the defendant (other than a claim for punitive damages, *see* Cal. Code Civ. Proc. § 377.42), but he must comply with the claims presentation requirements of the California Probate Code if he wants to pursue this action against Chisum's personal representative. **This Court cannot relieve Grimes of**


1 **these obligations or assist him in satisfying them.**

2 In light of these concerns, the Court will stay and administratively close the action until Grimes has complied with all requirements.

## CONCLUSION

This action is STAYED to allow for Grimes to comply with Rule 25 and the claims-presentation requirements of the California Probate Code. The Clerk shall ADMINISTRATIVELY CLOSE the case. When Grimes has satisfied all requirements, he may file a motion to dissolve the stay and a motion for substitution.

Grimes's motion for an extension of time (Dkt. No. 22) is DENIED as moot. The Clerk shall terminate Dkt. No. 22.

**IT IS SO ORDERED.**

**Dated:** January 23, 2017



WILLIAM H. ORRICK
United States District Judge